**FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>LEONARD E. HUTCHINSON, and<br>SONIA C. HUTCHINSON,<br><br>      Debtors. | Case No. 17-12272-A-7 |
| LEONARD E. HUTCHINSON, and<br>SONIA C. HUTCHINSON,<br><br>      Plaintiffs,<br><br>  v.<br><br>UNITED STATES OF AMERICA and<br>JAMES E. SALVEN,<br><br>      Defendants. | Adv. No. 17-1076-A<br><br>US-1<br><br>**MEMORANDUM** |

Argued and submitted on November 1, 2017

at Fresno, California

Honorable Fredrick E. Clement, Bankruptcy Judge Presiding

Appearances: David R. Jenkins for plaintiffs Leonard E. Hutchinson and Sonia C. Hutchinson; Jonathan M. Hauck for the United States; Russell Reynolds for James E. Salven

The chapter 7[1] trustee may avoid liens against estate property for fines, penalties, or forfeitures and preserve those liens for the estate. If the trustee does not do so, the debtor may avoid the lien and preserve it for the debtor's own benefit. Among the liens that the trustee (but not the debtor) can avoid are liens for tax penalties. If the trustee avoids such a tax lien, for whose benefit is the lien avoided?

**I.    FACTS**

Leonard E. Hutchinson and Sonia C. Hutchinson ("Hutchinsons") owe back taxes, including penalties, to the United States Department of the Treasury, Internal Revenue Service ("IRS").

Prior to the date the Hutchinsons filed bankruptcy, the IRS perfected a tax lien against their property, including their home. The penalty portion of that lien is $162,690 ("§ 726(a)(4) claim").

The Hutchinsons filed a chapter 7 bankruptcy. The trustee overseeing their case is James E. Salven ("Salven"). Among the assets of the estate listed in their schedules, the Hutchinsons listed their residence, which they valued at $185,000. It is encumbered by a first deed of trust in the amount of $87,000. The Hutchinsons claimed an exemption for their home in the amount of $100,000.

**II.   PROCEDURE**

When the trustee did not exercise his tax-lien-avoidance powers under §§ 724(a) and 726(a)(4), the Hutchinsons filed a complaint to avoid the penalty component of the tax lien under § 522(h) and to preserve that lien for their benefit to the lesser of the § 726(a)(4)

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. All "Civil Rule" references are to the Federal Rules of Civil Procedure, Rules 1-86.

2

claim or the $100,000 homestead for their benefit. *See* 11 U.S.C. § 522(i)(2).

The Hutchinsons named the IRS and Salven as defendants. Salven answered and cross-complained asserting his rights under §§ 724(a) and 726(a)(4).

The IRS has moved to dismiss, arguing that only the trustee has standing to assert § 724(a) lien-avoidance rights and that § 522(c)(2)(B) allows it to assert its lien against exempt property. The debtors oppose the motion, asserting (1) their entitlement to assert § 724(a) lien-avoidance rights, provided the trustee does not do so, and (2) their right to preserve for their benefit the lien avoided and exempt that property, subject only to the limitations of the homestead exemption claimed.

**III. JURISDICTION**

This court has jurisdiction. *See* 28 U.S.C. §§ 1334, 157(a), (b)(1); General Order No. 182 of the U.S. District Court for the Eastern District of California. This is a core proceeding in which this court may enter final orders. *See* 28 U.S.C. § 157(b)(2)(K), (O).

**IV. DISCUSSION**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6), *incorporated by* Fed. R. Bankr. P. 7012(b). "A Rule 12(b)(6) dismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008); *accord Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

**A. Lien Avoidance under § 724(a)**

**1. The trustee's powers**

Chapter 7 trustees may avoid tax liens for fines, penalties or forfeitures. Section 724(a) of the Bankruptcy Code provides, "The trustee may avoid a lien that secures a claim of a kind specified in section 726(a)(4) of this title." In turn, § 726(a) establishes the distribution priority for various claims in chapter 7 cases. Section 726(a)(4) identifies the type of claim that has the fourth priority as

> any allowed claim, whether secured or unsecured, for any fine, penalty, or forfeiture, or for multiple, exemplary, or punitive damages, arising before the earlier of the order for relief or the appointment of a trustee, to the extent that such fine, penalty, forfeiture, or damages are not compensation for actual pecuniary loss suffered by the holder of such claim[.]

11 U.S.C. § 726(a)(4). Section 726(a)(4) encompasses a broad spectrum of fines, penalties, and forfeitures, including tax penalties. *See e.g.*, *In re Comstock Fin'l Services, Inc.*, 111 BR 849, 860 (Bankr. C.D. Cal. 1990) (RICO treble damages); *In re Adelphia Communications Corp.*, 327 B.R. 143 (Bankr. S.D.N.Y. 2005) (SEC penalty); *In re Gill*, 574 B.R. 709 (9th Cir. 2017) (tax penalty).

**2. The debtor's powers**

If the trustee does not exercise the avoidance power under § 724(a), § 522(h) gives a debtor the power to avoid liens (other than tax liens) under that subsection but only to the extent that the debtor could have exempted the transferred property under § 522(g)(1).

> **The debtor may avoid a transfer of property of the debtor** or recover a setoff **to the extent that the debtor could have exempted such property under subsection (g)(1)** of this section if the trustee had avoided such transfer, **if--(1) such transfer is avoidable by the trustee under section** 544, 545, 547, 548, 549, or **724(a)** of this title or

4

> recoverable by the trustee under section 553 of this title; **and (2) the trustee does not attempt to avoid such transfer.**

11 U.S.C. § 522(h) (emphasis added). In most instances, § 522(g) allows a debtor to exempt property recovered by the trustee if the transfer was not voluntary and the property was not concealed or if the transfer was avoidable by the debtor as a nonpossessory, nonpurchase-money security interest in personal property.

> Notwithstanding sections 550 and 551 of this title, **the debtor may exempt under subsection (b) of this section property that the trustee recovers** under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, **to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred,** if--(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and (B) the debtor did not conceal such property; or (2) the debtor could have avoided such transfer under subsection (f)(1)(B) of this section.

11 U.S.C. § 522(g) (emphases added).

The Ninth Circuit has enumerated five conditions that must be satisfied before a debtor can avoid a lien under § 522(h). "(1) the transfer cannot have been a voluntary transfer of property by the debtor; (2) the debtor cannot have concealed the property; (3) the trustee cannot have attempted to avoid the transfer; (4) the debtor must exercise an avoidance power usually used by the trustee that is listed within § 522(h); and (5) the transferred property must be of a kind that the debtor would have been able to exempt from the estate if the trustee (as opposed to the debtor) had avoided the transfer pursuant to one of the statutory provisions in § 522(g)." *In re DeMarah*, 62 F.3d 1248, 1250 (9th Cir. 1995).

But where the lien sought to be avoided secures back taxes,

5

§ 522(c)(2)(B) eviscerates the debtors' § 522(h) powers. *In re DeMarah*, 62 F.3d 1248, 1249 (9th Cir. 1995) (insofar as debtors are concerned § 522(c)(2)(B) "brings back the whole of any tax lien" notwithstanding §§ 724(a), 726(a)(4)). It does this by allowing taxing authorities to assert properly perfected, unavoided tax liens against exempt property both during and after the case.

> Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case, except . . . (2) a debt secured by a lien that is . . . (B) a tax lien, notice of which is properly filed.

11 U.S.C. § 522(c)(2)(B).

The seminal Ninth Circuit case is *In re DeMarah*, 62 F.3d at 1249. There, a chapter 7 debtor filed an adversary action to, *inter alia*, determine the dischargeability of certain federal taxes and to avoid tax liens to the extent they secured liability for tax penalties. The bankruptcy court avoided the tax liens under § 522(h) and § 724(a), to the extent that they secured tax penalties. *Id.* The district court reversed the bankruptcy court's decision. The Ninth Circuit affirmed the district court's reversal.

The Ninth Circuit drew a distinction between the debtor's ability to exempt property subject to a tax lien and the ability to avoid the lien. *Id.* at 1251. "The fact that [the debtor] may be able to exempt the property that is subject to the tax lien from the bankruptcy estate does not mean that he can remove the lien itself, or that portion of it which secures the penalty." *Id.*

The Ninth Circuit held that § 522(c)(2)(B) precludes chapter 7 debtors from avoiding tax liens from otherwise exempt property even if

6

the tax lien could be avoided by a trustee under § 724(a). *See id.* at 1251-52. It reasoned that exempt property remains subject to tax liens, including tax liens securing penalties, because (1) "[§] 522(c)(2)(B) itself does not specifically exempt penalties from the definition of tax liens," and (2) the Internal Revenue Code section creating tax liens does not distinguish between the tax and the penalty or interest portion of such liens. *Id.* at 1252. Such a reading allows only the trustee to avoid the penalty component of tax liens, which will inure to the estate's benefit. But it avoids rewarding debtors for failing to pay their taxes.

In short, exempt property remains subject to tax liens regardless of whether the tax liens are for noncompensatory penalties that fall within the scope of § 724(a) and § 726(a)(4). As a consequence, the debtors in this case cannot use § 522(h) and § 724(a) to avoid the IRS's tax lien for penalties.

### B. Tax-Lien Preservation

For whose benefit, the debtor or the estate and its creditors, are avoided tax-penalty liens preserved? Section 551 provides the general rule, which preserves the avoided liens for the estate. "**Any transfer avoided under** section 522, 544, 545, 547, 548, 549, or **724(a)** of this title, or any lien void under section 506(d) of this title, **is preserved for the benefit of the estate** but only with respect to property of the estate." 11 U.S.C. § 551. (emphases added).

In contrast, § 522(i)(2) preserves some avoided liens for a debtor's benefit. It provides:

> Notwithstanding section 551 of this title, **a transfer avoided under** section 544, 545, 547, 548, 549, or **724(a)** of this title, **under subsection** (f) or **(h) of this section**, or property recovered under section 553 of this title, **may be preserved for**

7

> **the benefit of the debtor** to the extent that the debtor may exempt such property under subsection (g) of this section or paragraph (1) of this subsection.

11 U.S.C. § 522(i)(2) (emphases added).

But § 522(i)(2) conditions the debtor's preservation of an avoided lien on the debtor's avoidance of such lien under § 522(h) together with the other lien-avoidance statutes incorporated into that subsection.

In this case, § 522(c)(2)(B) precludes the debtors from ever invoking § 522(h) to avoid a tax lien securing penalties. It follows that the debtors cannot rely on § 522(i)(2) to preserve an avoided tax lien for their benefit.

Furthermore, § 551 controls, and, if avoided, the tax lien is preserved for the estate, and derivatively, creditors. Simply stated, if the trustee acts to avoid the penalty component of a tax lien, the lien is preserved for the estate. *In re Heintz*, 198 B.R. 581, 586 (9th Cir. BAP 1996) (preferential lien avoided by the trustee for the benefit of the estate); *In re Gingery*, 48 B.R. 1000, 1003-1004 (D. Colo. 1985); *see also* 4 *Collier on Bankruptcy* ¶ 522.12 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. rev. 2012) ("In keeping with the notion that the debtor is exercising the powers of the trustee in these transfer avoidance actions, section 522(i)(2) adopts the rule of section 551 that avoided transfers are preserved. Under section 551, these transfers are preserved for the benefit of the estate, while under section 522(i)(2), they are preserved for the benefit of the debtor.")

*Heintz* is instructive. There the debtor listed a "myriad of personal property and tools" in his schedules. He also exempted those

8

items in amounts "clearly exceed[ing] the statutory limitations. Neither the chapter 7 trustee, nor creditors, objected to the claim of exemption. The trustee collected the property and, after court approval, sold it at auction. The trustee and the judgment lien creditor entered into a stipulation to avoid the lien as a preference, § 547, and the court approved the stipulation, preserving the lien under § 551. The debtor moved to compel delivery of the proceeds of the exempt property to himself, arguing that the personal property and equipment were exempt by default, were no longer property of the estate, and could no longer be preserved for the benefit of the estate. The bankruptcy court denied the motion, the debtor appealed and the Bankruptcy Appellate Panel affirmed. It held that "[o]nce a trustee recovers an asset for the estate through one of the transfer or lien avoidance provisions, § 551 automatically preserves the asset for the estate." *Id.* at 584. In contrast, where the trustee fails to act and the debtors do so, they may preserve the avoided lien for their own benefit by claim of exemption. *Id.* at 586.

Section 551 controls the preservation right as to the IRS's tax lien to be avoided by Salven. If Salven prevails in his efforts to avoid the penalty component of the tax lien, that avoided lien is preserved for the benefit of the estate's creditors. Consequently, debtors cannot state a claim for preserving a tax lien for their benefit.

**V.    CONCLUSION**

The Bankruptcy Code precludes the debtors from avoiding the IRS's tax lien for penalties. Because the debtors cannot avoid this lien, the debtors cannot preserve it for their own benefit. Section 551 controls when the trustee avoids a lien. If the trustee avoids the

IRS's lien, § 551 authorizes the trustee to preserve the lien for the benefit of the estate's creditors. For each of these reasons, the United States' motion to dismiss is granted with prejudice.

Dated: Jan 02, 2018

Fredrick E. Clement
United States Bankruptcy Judge

# Instructions to Clerk of Court
## Service List – Not Part of Order/Judgment

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below. The Clerk of Court will send the Order via the BNC.

David R. Jenkins
PO Box 1406
Fresno CA 93716

Jonathan M. Hauck
PO Box 683
Washington DC 20044